Markman, J. (dissenting).
 

 I respectfully dissent from the order denying leave to appeal. Instead, I would reverse the Court of Appeals' judgment and reinstate defendant's sentences for carjacking, armed robbery, conspiracy to commit armed robbery, second-degree home invasion, and unlawful imprisonment because defendant here possessed actual notice of the prosecutor's intention to seek to enhance defendant's sentence as a second-offense habitual offender under MCL 769.10.
 

 The prosecutor committed clear error by failing to comport with the procedures set forth in MCL 769.13. In particular, she failed to show service of written notice of her intention to seek sentencing enhancement within 21 days of defendant's arraignment on the information by filing written proof of service with the circuit court. See MCL 769.13(1) and (2). Nonetheless, such error here was harmless because defendant possessed actual notice of the prosecutor's intention to seek sentencing enhancement. MCL 769.26.
 
 First,
 
 each of the relevant charging documents filed in the district and circuit courts, i.e., the felony warrant, the felony complaint, and the felony information, specifically informed defendant that he was "subject to the penalties provided by MCL 769.10" and detailed the effect of sentencing enhancement under MCL 769.10. Indeed, defendant himself concedes in his brief that the language contained in the charging documents would constitute habitual-offender notice. Moreover,
 
 Black's Law Dictionary
 
 (6th ed.) defines "subject to" as "governed or affected by." Therefore, the prosecutor informed defendant that he
 was "governed or affected by" habitual-offender sentencing enhancement. There is no apparent reason for the prosecutor to have included this information in the charging documents other than to apprise defendant that she intended to seek sentencing enhancement under MCL 769.10, and this is not disputed by defendant.
 
 Second
 
 , at his arraignment on the information, defendant waived a formal reading of the information. This waiver effectively communicated that defendant already possessed a copy of the felony information and thus possessed notice of the prosecutor's intent to seek habitual-offender sentencing enhancement.
 
 [5]
 

 Third
 
 , at sentencing, defense counsel displayed no surprise at the enhanced sentence, and neither counsel nor defendant objected to the enhancement. In fact, defense counsel actually
 
 corrected
 
 the trial court that defendant was only a second-offense, rather than third-offense, habitual offender.
 

 Because defendant here possessed actual notice of the prosecutor's intention to seek a habitual-offender enhancement to his sentence, the error by the prosecutor, in my judgment, was altogether harmless. And as a result, defendant has failed to show that it is "more probable than not that the error was outcome determinative."
 
 People v. Lukity
 
 ,
 
 460 Mich. 484
 
 , 496,
 
 596 N.W.2d 607
 
 (1999). Accordingly, in my judgment, he was properly sentenced as a second-offense habitual offender.
 

 Zahra, J., joins the statement of Markman, J.
 

 Contrary to Justice Viviano 's concurrence, this dissent does not "conclude that simply filing the relevant charging documents with the court-something that happens in every case-is sufficient to render harmless the prosecutor's error in failing to serve the habitual notice on the defendant or his attorney within the time period set forth in MCL 769.13." More precisely, I conclude that the inclusion of the
 
 habitual-offender notice
 
 within the charging documents may in certain circumstances indicate the defendant's actual notice of the prosecutor's intention to seek habitual-offender enhancement. That is, where such notice is included within the information and the defendant has waived arraignment on the information, it has been effectively established that the defendant or the defendant's attorney has physical possession of the information and thus from the very onset of the case possesses notice of the prosecutor's intention to seek enhancement. While this process plainly does not satisfy the requirements of MCL 769.13, it does nonetheless fully satisfy the obvious purpose of the statute--to ensure that the defendant has been timely notified of an intention to pursue habitual-offender enhancement. While indisputably an error on the part of the prosecutor, the failure to satisfy MCL 769.13 was a manifestly harmless error in this case.